

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2005

# Jiang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3319

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Jiang v. Atty Gen USA" (2005). *2005 Decisions.* Paper 390.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/390

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-3319

DIAN CHIA JIANG,

Petitioner

v.

*ALBERTO GONZALES, Attorney General
of the United States,

Respondent

*(Amended pursuant to F.R.A.P. 43(c))

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A77-997-710)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2005

Before: ROTH, McKEE and FISHER,
Circuit Judges

(Opinion filed: October 18, 2005)

OPINION

McKEE, Circuit Judge.

Dian Chi Jiang asks us to review a decision of the Board of Immigration Appeals

("BIA") affirming the decision of an Immigration Judge ("IJ") denying Jiang's

1

applications for asylum, withholding of removal, and protection from removal under the United Nations Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review. [1]

## I.

Since the BIA summarily affirmed the IJ's decision, we review the decision of the IJ as the final decision of the BIA. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (*en banc*). Our review is limited to determining if the IJ's ruling is supported by substantial evidence. *Id.* at 247. We therefore must determine whether a reasonable fact finder could make the same determination as the IJ based upon the administrative record that was before the IJ. If so, the record supports the IJ's ruling and we must dismiss the petition for review. *Id.* at 249. Where, as here, the IJ's decision involves a credibility determination, the IJ must give specific reasons for his/her conclusion and the reasons must have "a legitimate nexus" to the credibility ruling. *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir. 1998). Adverse credibility findings are also reviewed for substantial evidence. *Id.* at 161. An adverse credibility finding will be sustained "unless . . . no reasonable person" would have found the applicant incredible. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004) (citations omitted). We exercise jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1).

---

[1] Because we write primarily for the parties, we will recite only the facts and procedural history that may be helpful to our brief discussion.

**II.**

The IJ found that Jiang's testimony was not credible because: (1) she was not convinced of Jiang's affiliation with Roman Catholicism due to the inconsistencies within his testimony and his previous assertions to immigration officials that he was a member of Falun Gong; (2) his testimony during the hearing lacked internal consistency with respect to a number of other issues including his place of residence, his father's involvement with Roman Catholicism, and whether he had attempted to get corroboration from his church.

An agency's finding of fact that an applicant has failed to show eligibility for asylum or withholding of removal is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**III.**

To establish a claim for asylum or withholding of removal, an applicant must establish that he/she is a "refugee." 8 C.F.R. § 208.13. A "refugee" is defined as:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). An asylum applicant bears the burden of proving past

3

persecution or a well founded fear of future persecution. 8 C.F.R. § 208.13(a); *Abdile v. Ashcroft*, 242 F.3d 477, 482 (3d Cir. 2001). An applicant must demonstrate an actual and genuinely held subjective fear of persecution and show that the fear is objectively reasonable. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987).

To qualify for withholding of removal, an alien must establish a clear probability that his/her life or freedom would be threatened on account of one of the five statutory grounds if removed. 8 U.S.C. § 1231(b)(3); *INS v. Stevic*, 467 U.S. 407, 429-30 (1984).

In order to qualify for relief under Article III of the Convention Against Torture, an alien must prove that it is more likely than not that he/she would be "tortured" if removed to the proposed country of removal by, at the instigation of, or with the consent or acquiescence of, someone acting in an official capacity. 8 C.F.R. § 208.16(c)(4).

Jiang argues that (1) the IJ's credibility determination is not supported by substantial evidence and (2) he is statutorily eligible for asylum under 8 U.S.C. § 1101(a)(42).

Jiang claims that there are two specific problems underlying the IJ's adverse credibility determination. First, Jiang asserts that the IJ did not consider the record as a whole and argues that the evidence as a whole supports a grant of asylum. Second, Jiang contends that his testimony was internally consistent. He also argues that even if there were discrepancies, they were not material to the IJ's asylum determination. Jiang minimizes his previous statements to immigration officials and acknowledges that he later

4

rejected those statements himself. He blames the contradictions on "coaching" he received from smugglers who advised him to make the admittedly false statements. According to Jiang, his prior false statements so biased the IJ against him that it "unduly compromised" his right to a fair hearing. (Pet. Br. at 10.) However, regardless of the veracity of Jiang's explanation, substantial evidence nevertheless supports the IJ's adverse credibility determination.

Jiang bears the burden of proving past persecution or a well founded fear of future persecution through credible testimony.[2] *See* 8 C.F.R. § 208.13(a); *Abdile*, 242 F.3d 482; *Zubeda v. Ashcroft*, 33 F.3d 463, 469 (3d Cir. 2003). Jiang's credibility as a witness was further damaged when he testified that he was unaware that it was illegal to come to the United States with someone else's passport. He also admitted that he lied on two separate occasions to INS officials. Jiang stated that not only was he a member of Falun Gong but also he had been arrested previously and feared persecution on account of his religious beliefs if returned to China. Although this does not establish that Jiang was not telling the truth at his merits hearing, it does support the IJ's concerns about Jiang's credibility. The IJ considered Jiang's explanation but gave it little weight because Jiang had enough time to reconsider his actions and decide to testify truthfully. Thus, we cannot conclude that no reasonable adjudicator would have been able to find Jiang credible as

---

[2] Since Jiang was unable to establish that he was a victim of past persecution in China as a result of his Roman Catholic beliefs, we need only focus on whether Jiang met his burden of demonstrating a well founded fear of future persecution.

5

required by law. *See Chen* 376 F.3d 222.

Although we have previously cautioned against placing too much weight on airport interviews in assessing the credibility of an alien, *see Balasubramanrim*, 143 F.3d 157; *Senathirajah v. INS*, 157 F.3d 210 (3d Cir. 1998), those concerns are not present here because the IJ relied upon several other factors in assessing Jiang's credibility. In addition, Jiang does not challenge the manner in which the INS interviews were conducted or the circumstances surrounding the airport interview. Moreover, despite Jiang's claim to the contrary, the inconsistencies the IJ focused on were material. "[W]here the discrepancies between an airport interview and the alien's testimony go to the heart of the claim, they certainly support an adverse credibility determination." *Chen*, 376 F.3d 224 (citation and internal quotations omitted). For example, there is conflicting testimony about whether Jiang is a member of Falun Gong or a Roman Catholic. That is hardly immaterial; it goes to the heart of his claim. Jiang was also inconsistent about where he resides as well as whether he lives with his cousins.

Jiang may have been able to overcome the contradictory testimony with sufficient corroboration of his claim for relief. "[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application." *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000). The IJ articulated concrete, specific, and cogent reasons which have "a legitimate nexus" to her credibility determination. *Balasubramanrim*, 143 F.3d 162. This

record supports that credibility determination.

## VII.

For all of the above reasons, we will deny the petition for review.